# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |
| : | No. 1:05-cr-0417 |
| v. : | |
| : | (Chief Judge Kane) |
| DONTE PARRISH, : | |
|     Petitioner : | |

## MEMORANDUM ORDER

Currently pending before the Court is Petitioner Donte Parrish's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 68.) For the reasons that follow, the Court will deny Petitioner's Section 2255 motion.

## I.  BACKGROUND

On October 19, 2005, Petitioner was indicted by a grand jury for possession of a firearm in furtherance of drug trafficking and for being a felon in possession of a firearm. (Doc. No. 1.) He was arrested on March 4, 2005, based on a warrant issued for Petitioner on other outstanding matters. (Doc. No. 49.) He was located at a residence, at which officers located four firearms, approximately $1,000 in cash, a gram of crack cocaine, two bags of marijuana, and multiple Percocet pills. The Government contends that officers obtained consent to search the residence from Petitioner's ex-girlfriend.[1] Petitioner confessed to ownership of the guns and drugs. On March 14, 2006, Petitioner signed a written guilty plea as to the offense of possession of a firearm in furtherance of drug trafficking. (Doc. No. 22.)

On April 11, 2006, Petitioner appeared before the Court and entered his guilty plea.

---

[1] Whether or not the officers actually obtained consent to search the residence is one of the issues in dispute in this instant Section 2255 motion.

After the Court engaged Petitioner in a colloquy to ensure that he was entering his plea knowingly, voluntarily, and intelligently, the Court accepted the plea. (See Doc. No. 31.) On January 22, 2007, the Court sentenced Petitioner to 180 months of incarceration, three years of supervised release, and a $100 special assessment.[2] (Doc. No. 52.) Petitioner filed a notice of appeal on January 30, 2007, and his counsel filed an Anders motion and supporting brief. (Doc. Nos. 52, 54.) The Third Circuit affirmed the voluntariness of the guilty plea and reasonableness of the sentence. United States v. Parrish, 287 F. App'x 990 (3d Cir. 2008).

On June 10, 2011, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner filed a notice of election on July 26, 2011, choosing to proceed with his Section 2255 motion. (Doc. No. 71.) On October 17, 2011, the United States filed a brief in opposition to Petitioner's motion. (Doc. No. 74.) On November 14, 2011, the Court received a reply brief from Petitioner, dated November 7, 2011. (Doc. No. 75.) The motion is now ripe for disposition.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence on the grounds that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. In evaluating a § 2255 motion, "the court must accept the truth of the

---

[2] As Petitioner was determined to be a career offender, the sentencing guideline range was 262 to 327 months. The Government filed a motion for downward departure for substantial assistance and recommended a one-level reduction.

movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

Morever, the decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court. Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

**III.   DISCUSSION**

In the instant motion, Petitioner claims that his counsel was ineffective for: (1) failing to look into whether his ex-girlfriend consented to search her house; and (2) failing to seek suppression his confession. Petitioner also argues that he is actually innocent of violating 18 U.S.C. § 924(c). Because Petitioner's Section 2255 motion was filed over one year after his judgment became final, the motion is untimely, and the Court need not address the merits of Petitioner's claims.

A Section 2255 motion must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner contends that his Section 2255 motion is timely under either Section 2255(f)(3) or (f)(4).

Petitioner contends that his Section 2255 motion is timely, because Section 2255(f)(4) applies to his case. Petitioner contends that less than one year had passed betweenthe time that he filed his motion and the time that he learned that the Government did not obtain his ex-girlfriend's consent to search her residence. However, Petitioner admits that officers spotted three guns while Petitioner was still in the residence. (Doc. No. 75 at 1.) Petitioner confessed that the guns belonged to him, before being escorted out of the residence. (Id.) Thus, Petitioner was aware of the circumstances surrounding his confession, and the recovery of guns, at the time of his arrest. Assuming that Petitioner's assertion that officers did not receive consent from his ex-girlfriend to search her residence is true, Petitioner would have been able to discover the facts supporting this argument soon after the time of his arrest. Instead, Petitioner presents the Court with an affidavit that he received from his ex-girlfriend, several years after the date of his arrest, in which she states that she did not consent to the search of her residence. The Court finds that,

if the facts alleged in Petitioner's Section 2255 motion are true, an exercise of due diligence would have revealed the facts years ago.

Petitioner also contends that his motion is timely because Section 2255(f)(3) applies to his case. Petitioner asserts that the one-year statute of limitations does not bar his motion, stating that under "the new constitutional ruling in Premo v. Moore part of [his] petition becomes timely because that ruling was made retroactive through multiple holdings." (Doc. No. 68 at 11.) However, Section 2255(f)(3) does not extend the one-year statute of limitations, because Premo v. Moore, 131 S.Ct. 733 (2011), is not applicable in this case. In Premo, the Supreme Court held that federal habeas relief is not available with respect to any claim that a state court has adjudicated on the merits, unless the state-court decision involves an "unreasonable application" or "clearly established Federal law as determined by the Supreme Court of the United States." Id. at 737. Because Premo does not "newly recognize" a right that is applicable to this case, Section 2255(f)(3) does not extend the one-year statute of limitations.

Because neither Section 2255(f)(3) nor (f)(4) extend the statute of limitations in this case, Petitioner's motion is time-barred pursuant to Section 2255(f)(1). Defendant did not file his Section 2255 motion within one year of the date on which judgment became final. On November 4, 2009, the Third Circuit affirmed the Court's sentence. (Doc. No. 65.) Petitioner declined to pursue a petition for writ of certiorari, thus the judgment became final 90 days after the Third Circuit affirmed the Court's sentence. United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). On June 10, 2011, when Petitioner filed his Section 2255 motion, more than one year had passed since the judgment became final. Accordingly, Petitioner's Section 2255 motion is time-barred, and must

be denied.

## IV.  CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims.  A COA will not issue in this case.

## V.  CONCLUSION

**ACCORDINGLY**, on this 21st  day of December 2011, upon consideration of Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 68), **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.  A certificate of appealability shall not issue.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania