IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTE PARRISH,** | : | |
| Petitioner | : | No. 1:05-cr-00417 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Donte Parrish ("Petitioner" or "Parrish")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 157.)  Also before the Court is Petitioner's "Motion to Amend § 2255 Claim to Contain a Newly Discovered Claim."  (Doc. No. 169.)  For the following reasons, the Court will deem Petitioner's motion to amend withdrawn and deny Petitioner's motion to vacate.

**I.   BACKGROUND**

The following background is drawn from a recent order issued by another judge of this Court denying a 28 U.S.C. § 2241 motion filed by Petitioner and docketed at case number 1:23-cv-02011.  Judge Saporito states:

> In 2006, Parrish pled guilty to possessing a firearm in relation to drug trafficking, 18 U.S.C. § 924(c), and on January 23, 2007, he was sentenced to 180 months' imprisonment followed by a three-year term of supervised release.  United States v. Parrish, No. 1:05-cr-00417 (M.D. Pa. filed Oct. 19, 2005) (Docs. 22, 31, 52).  In the plea agreement, Parrish waived any right to "challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding."  Id., (Doc.22, ¶ 28) (Mar. 14, 2006).  Parrish filed a direct appeal, and the United States Court of Appeals for the Third Circuit affirmed, "find[ing] nothing . . . to support any claim that the [waiver] was anything other than knowing, voluntary, and intelligent."  See United States v. Parrish, 287 F. App'x 990, 992 (3d Cir. 2008).
>
> In 2011, Parrish filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied.  No. 1:05-cr-00417 (Docs. 68, 76).  In 2019, the Third Circuit granted Parrish and many other prisoners leave to pursue a second petition

> under Section 2255, because they were sentenced pursuant to a clause containing language found unconstitutionally vague in Johnson v. United States, 576 U.S. 591 (2015). See No. 1:05-cr-00417 (Doc. 91, 92, 99); In re Matthews, 934 F.3d 296, 297 (3d Cir. 2019).
>
> In response to the Third Circuit's order, the parties, through counsel, reached an agreement to reduce Parrish's term of incarceration from 180 months to 167 months, and to dismiss his pending Section 2255 motion (and his pro se motion for writ of audita querela) as moot. The Court granted the parties' motion to that effect and entered the amended judgment as agreed. No. 1:05-cr-00417 (Docs. 105–107).
>
> Parrish was eventually released to supervised release, but in May 2022, he was charged with several criminal offenses in the York County Court of Common Pleas and held pursuant to a supervised release detainer. See Commonwealth of Pennsylvania v. Donte Parrish, No. CP-67-CR-2358-2022 (filed May 20, 2022).[]

See Parrish v. Warden of York County Prison, No. 1:23-cv-02011 (M.D. Pa. Mar. 4, 2024), ECF No. 13 at 1–3 (footnote omitted).

On April 24, 2024, the Court held a revocation hearing at which the Government presented evidence from two witnesses and after which the Court found that Petitioner violated the terms of his supervised release, see (Doc. No. 153), and on May 24, 2024, the Court imposed a sentence of 55 months' imprisonment for the supervised release violation (Doc. Nos. 149, 155). Petitioner appealed his sentence and the Third Circuit affirmed, finding that: the Court had jurisdiction to handle the matter; the proceedings afforded Petitioner due process; the Court's finding was based upon proper evidence; and the sentence imposed was procedurally and substantively reasonable. See United States v. Parrish, No. 24-2069, 2025 WL 572384 (3d Cir. Feb. 21, 2025) (unpublished).

On May 13, 2025, Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 157.) The Court issued an administrative order (Doc. No. 158), Petitioner filed a Notice of Election (Doc. No. 159), and the motion was served on the Government (Doc. Nos. 160–61). The Government filed a brief in opposition to Petitioner's

motion on July 1, 2025 (Doc. No. 162), and, upon notice from Petitioner that he had not received the Government's brief (Doc. Nos. 163–64), the Court directed the Clerk of Court to send the Government's brief to Petitioner and granted Petitioner an extension of time to file a brief in reply (Doc. Nos. 165–67).  On August 15, 2025, Petitioner filed his reply brief.  (Doc. No. 168.)  On September 19, 2025, Petitioner filed a "Motion to Amend 2255 Claim to Contain a Newly Discovered Claim."  (Doc. No. 169.)  Petitioner's § 2255 motion is fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  See id. § 2255(a).  However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing.  See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)).  Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice."  See Addonizio, 442 U.S. at 185.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion.  See 28 U.S.C. § 2244.

## III.   DISCUSSION

Petitioner's § 2255 motion asserts three grounds for relief: (1) the Court lacked jurisdiction and so his revocation sentence is void; (2) his sentence was imposed in violation of

3

the law because the Court "failed to establish a guideline"; and (3) his sentence was imposed in violation of the law because his sentence was based on 2007 sentencing guidelines. (Doc. No. 157 at 4–7.)

As an initial matter, before discussing the grounds raised by Petitioner in his motion, the Court notes that the Government argues that Petitioner waived his right to collaterally challenge his sentence in his plea agreement, and requests that this Court enforce the collateral waiver. (Doc. No. 162 at 7.) The Government notes that Judge Saporito enforced the collateral waiver against Petitioner in connection with his recent § 2241 motion (which Judge Saporito concluded sought to challenge the validity of his conviction and sentence, as opposed to the execution of his sentence). (Id. at 7–8 (citing Parrish, No. 1:23-cv-02011 (M.D. Pa. Mar. 4, 2024), ECF No. 13 at 3–5).) As noted supra, the Third Circuit affirmed Petitioner's initial appeal of his plea and sentence, finding nothing to support the conclusion that the plea agreement including the collateral waiver was anything other than intelligent, voluntary and knowing. See United States v. Parrish, 287 F. App'x 990, 992 (3d Cir. 2008) (unpublished). Accordingly, it appears that any collateral challenge to Petitioner's sentence is barred by the collateral waiver he agreed to as part of his original plea agreement. (Doc. No. 22 at 15–16.) However, assuming arguendo that Petitioner can assert a collateral challenge to his sentence by way of a § 2255 motion, the Court addresses his grounds for relief below.

    A.    **Ground One**

Petitioner argues that "the district court amended my sentence without jurisdiction" in 2020, after which he was released to supervised release, which he violated in 2022, leading to his sentence for violation of supervised release in 2024. (Doc. No. 157 at 4.) Accordingly, Petitioner maintains that "being that my sentence was amended without jurisdiction my current

sentence is void because it's a direct product of that 2020 improper amendment." (Id.)  As noted by the Government (Doc. No. 162 at 6), Petitioner raised this argument in his supervised release proceedings, and the Court found the argument to be without merit.  See (Doc. No. 154 at 7–8, 13–14).   The Government also notes that the Third Circuit affirmed this Court's conclusion on appeal.  (Doc. No. 162 at 7.)

It is settled law that "issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion . . . ."  See United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014).  This rule embodies the "law-of-the-case doctrine, which provides that 'when a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages in the same case.'"  See United States v. Thomas, 750 F. App'x 120, 124 (3d Cir. 2018) (unpublished) (quoting Farina v. Nokia Inc., 625 F.3d 97, 117 n.21 (3d Cir. 2010) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).

Here, on appeal, after considering the Anders brief filed by his counsel, as well as Petitioner's pro se brief in support of his appeal, which raised the identical issue regarding the Court's alleged lack of jurisdiction, see Parrish, No. 24-2069 (3d Cir. Aug. 28, 2024), ECF No. 34 at 6–7, the Third Circuit concluded that "there is no question about jurisdiction."  See Parrish, 2025 WL 572384, at *1.  Accordingly, because Petitioner raised his jurisdictional challenge on appeal and the Third Circuit concluded that "there is no question about jurisdiction," Petitioner's first ground for relief fails.

**B.     Grounds Two and Three**

Petitioner next argues first that "in 2020 my sentence was amended without the courts ever establishing a new guideline" and "[w]ith that said my current sentence is imposed in violation of the law for failure to establish a guideline." (Doc. No. 157 at 5.)  The Government

5

responds by stating that Petitioner "fails to clearly explain what guideline he is referring to" but that "[t]o the extent that he is arguing that this Court did not calculate a guideline for his revocation hearing, he is wrong" because "[t]he Court applied the applicable guideline, U.S.S.G. §7B1.4(a), and found that the guideline range of 51-60 months applied."  (Doc. No. 162 at 10.)

Second, Petitioner argues that his sentence was imposed in violation of the law because the Court applied the 2007 sentencing guidelines to determine his revocation guideline.  (Doc. No. 157 at 7.)  The Government responds by noting that Petitioner raised this issue at his revocation sentencing, and the Court followed the instruction of the United States Sentencing Guidelines for revocation proceedings, which direct that the criminal history category is the category applicable at the time the defendant was originally sentenced to a term of supervision. (Doc. No. 162 at 11.)  The Government further notes that on appeal, the Third Circuit affirmed the procedural reasonableness of the sentence imposed by the Court.  (Id.)

As stated supra in connection with Petitioner's first ground for relief, it is well settled that issues resolved on direct appeal will not be reviewed again in connection with a § 2255 motion. See Travillion, 759 F.3d at 288.  This rule reflects the law-of-the-case doctrine, which dictates that "when a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages in the same case."  See Farina, 625 F.3d at 117 n.21 (quoting Arizona, 460 U.S. at 618).

Petitioner raised these sentencing guidelines-related claims in his pro se brief in support of his appeal, see Parrish, No. 24-2069 (3d Cir. Aug. 28, 2024), ECF No. 34 at 2, 4, 7, and the Third Circuit concluded that Petitioner's sentence was procedurally reasonable.  See Parrish, 2025 WL 572384, at *2.  Accordingly, because Petitioner raised these sentencing guidelines-

6

related challenges on appeal, and pursuant to applicable authority, Petitioner's second and third grounds for relief fail.

        C.        **Motion to Amend**

On September 19, 2025, Petition filed a "Motion to Amend his §2255 Claim to Contain a Newly-Discovered Claim." (Doc. No. 169.) In it, Petitioner states that he "came across a new recent Supreme Court ruling which directly applies to my current § 2255," pointing to the case of Esteras v. United States, 606 U.S.—, 145 S. Ct. 2031 (2025). Petitioner seeks to amend his motion to include a claim that the Court "improperly considered § 3553(a)(2)(A)—Retribution—when deciding to revoke a term of supervised release." (Doc. No. 169 at 1.) Petitioner points to the Court's statement at his revocation sentencing to the effect that "[t]he Court has determined that a sentence within the guideline range is appropriate in order to produce adequate community protection and deterrence" (id.) and argues that the statement demonstrates that the Court improperly considered the retributive purposes of § 3553(a)(2)(A) when sentencing Petitioner. (Id.)

The Local Rules of this Court require a movant to file a brief in support of a motion within fourteen (14) days of its filing. See M.D. Pa. L.R. 7.5 (stating that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion" and "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn"). Local Rule 7.5 applies to motions filed in both civil and criminal cases. See United States v. Green, No. 3:20-cr-00165, 2021 WL 5238190, at *8 (M.D. Pa. Nov. 10, 2021) (citing M.D. Pa. L.R. 1.1). Petitioner failed to file a brief in support of his

7

motion to amend within fourteen (14) days of its filing, as required by Local Rule 7.5; accordingly, the Court will deem the motion withdrawn.[1]

### D. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In the instant case, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this case.

---

[1] Even if Petitioner's "Motion to Amend" was properly briefed and before the Court, and assuming arguendo that it raised a claim sufficiently related to Petitioner's § 2255 motion to permit amendment of the motion to include the claim, and further assuming arguendo that the Court could permissibly apply Esteras retroactively to claims on collateral review, Petitioner's "newly-discovered" claim fails. In Esteras, the Supreme Court held that, in connection with revocation of supervised release proceedings, district courts cannot consider the statutory sentencing factor of 18 U.S.C. § 3553(a)(2)(A), which addresses retribution relating to the defendant's underlying criminal offense. See Esteras, 145 S. Ct. at 2036. Section 3553(a)(2)(A) directs the court to consider "the need for the sentence imposed" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See 18 U.S.C. § 3553(a)(2)(A). The Court's statement relied on by Petitioner—"the court has determined that a sentence within the guideline range is appropriate in order to provide adequate community protection and deterrence"—references the sentencing factors at § 3553(a)(2)(B) and (C), not (A). See 18 U.S.C. § 3553(a)(2)(B) and (C) (listing the sentencing factors "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant"). Accordingly, Petitioner's claim is meritless.

### E. Certificate of Appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court concludes that Petitioner's claims are meritless for the reasons discussed above, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Jurists of reason would not disagree with the Court's assessment of Petitioner's claims. Accordingly, the Court will not issue a COA in this case.

### IV. CONCLUSION

Based on the foregoing, the Court will deem Petitioner's motion to amend (Doc. No. 169) withdrawn, deny Petitioner's Section 2255 motion (Doc. No. 157), and will not issue a COA. An appropriate Order follows.